Guan v. Holder

BIA
Zagzoug, IJ
A087 434 525

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fourteen.

PRESENT:
>JOSÉ A. CABRANES,
>RICHARD C. WESLEY,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

_____

XUE ZHUI GUAN,
>*Petitioner*,

v.                                                            13-4195
                                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

1

*Respondent.*

_____

FOR PETITIONER:          Ai Tong, Law Office of Ai Tong, Esq., New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Wendy Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xue Zhui Guan, a native and citizen of China, seeks review of an October 23, 2013 decision of the BIA, affirming the January 24, 2012 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Guan's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Here, substantial evidence supports the agency's adverse credibility determination.  The agency reasonably relied in part on Guan's demeanor, noting that his testimony was delivered with a blank stare and was at times unresponsive.  *See Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (per curiam).  The agency's demeanor finding and the overall credibility determination were supported by record inconsistencies related to the number and identity of the students who attend church classes with Guan.  *See Li Hua Lin*

3

*v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Guan testified that he had attended a weekly baptism class at his New York church for approximately two years and that the class consisted of ten to twenty different students each week. But his priest testified that the class consisted of the same forty to fifty students each week. Guan also testified that the class instructor was female, while his pastor stated that the instructor was male. While the IJ did not question Guan about some of these inconsistencies, the inconsistencies were obvious, and Guan could have explained them when he was recalled to the stand following his priest's testimony. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 122 & n.13 (2d Cir. 2006).

The agency also reasonably found it implausible that Guan was unable to identify a single member of his church other than his priest and his class instructor, particularly given his priest's testimony that Guan was friendly and well-known in the church community and that member names were called out at the beginning of Guan's weekly church classes. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007). The IJ was not compelled to credit Guan's explanation that he rarely spoke to other members because it conflicted with his priest's testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

4

Having questioned Guan's credibility, the agency reasonably relied further on his failure to provide certain credible evidence corroborating his claim or rehabilitating his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Given the demeanor, inconsistency, implausibility, and corroboration findings, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT as those claims are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5